IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Roberto Marquez<br>on behalf of himself and all other<br>Plaintiffs similarly situated known and<br>unknown,<br><br>　　　　Plaintiff,<br>　　v.<br><br>J.K. Green Deli Corp. dba Deli On The<br>Green, Merrick Blvd LLC. and Suk Hwan<br>Jeong<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

　　Plaintiff, Roberto Marquez, on behalf of himself and all other Plaintiffs similarly situated known and unknown, through his attorneys, for his Complaint against J.K. Green Deli Corp. dba Deli On The Green, Merrick Blvd LLC., and Suk Hwan Jeong ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.　　This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the New York Labor Law ("NYLL"), N. Y. Lab. Law § 650 et seq. for Defendants' failure to pay overtime compensation to Plaintiff. During the course of his employment by Defendants, Plaintiff regularly worked over ten (10) hours per day and over forty (40) hours per week. Defendants never compensated Plaintiff with spread of hours pay nor overtime premium. Plaintiff further alleges that Defendants' failure to pay overtime wages is willful and intentional. Plaintiff's Consent Form to be a representative Plaintiff in this collective action under the FLSA is attached hereto as Exhibit A.

1

Case 2:17-cv-07014-RER    Document 1    Filed 12/01/17    Page 2 of 13 PageID #: 20

## THE PARTIES

2.  Plaintiff is at all times relevant hereto employee of Defendants.

3.  Plaintiff is at all times relevant hereto individual employed in the State of New York by Defendants.

4.  Plaintiff is at all times relevant hereto resided in the State of New York.

5.  Plaintiff is at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and NYLL, and the implementing rules and regulations of the FLSA and NYLL.

6.  Plaintiff is filing this FLSA claim as individual action for himself.

7.  For the period commencing on or about 2009 until December 2016, Plaintiff Roberto Marquez regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of ten (10) hours per day and forty (40) hours per week.

8.  Plaintiff began his work at 5:50 a.m. and ended 4:50 p.m. for 6 days per week. He worked 11 hours a day and 66 hours per week regularly.

9.  Plaintiff was paid $13.00 straight per hour without overtime premium or spread of hours pay.

10. Plaintiff performed work for Defendants the said hours worked as an express condition of his continued employment.

11. Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

12. Plaintiff performed manual labor for Defendants.

13. Plaintiff was assigned to the said manual labor by Defendants.

2

14. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

15. Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

16. Plaintiff was required to report to work for Defendants at a certain time.

17. Plaintiff could not set his own hours of work for Defendants.

18. Defendant, Suk Hwan Jeong is and was at all relevant times hereto engaged in the business of Deli Store.

19. Defendant, Suk Hwan Jeong is and was at all relevant times hereto engaged in the interstate commerce.

20. Defendant Suk Hwan Jeong ("Jeong") managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

21. Defendant Jeong participated in and approved of the unlawful pay practices of the business dba Deli On The Green at Great Neck, NY.

22. Defendant Jeong was involved in assigning work to Plaintiff.

23. Defendant Jeong had the power and authority to discipline Plaintiff.

24. Defendant Jeong exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

25. Defendant Jeong hired Plaintiff.

26. Defendant Jeong was in charge of paying employees.

27. Defendant Jeong told Plaintiff where to work and when to work.

28. Defendants employed Plaintiff to do work for them in the State of New York.

29.     Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

30.     Defendants provided the tools and equipment and materials for Plaintiff to do his job with Defendants.

31.     Defendants held Plaintiff out as an employee.

32.     Defendants employed and paid Plaintiff as their employee.

33.     Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the NYLL.

34.     Defendants' failure to properly pay Plaintiff for overtime wages was intentional and willful.

35.     No exemption from overtime wages applied to Plaintiff's employment with Defendants.

36.     Defendants never obtained legal advice or counsel that them overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

37.     Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

38.     No exemption from overtime applies or applied to Plaintiff when he worked or works more than 40 hours in a workweek for Defendants.

39.     Defendants failed to pay Plaintiff overtime premium for all hours worked in excess of 40 hours per workweek.

40.     Defendants' failure to pay Plaintiff at the proper overtime rate was intentional and willful.

41.     Defendant J.K. Green Deli Corp. is a New York corporation doing business as

Deli on the Green and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

42. Defendant Merrick Blvd LLC. is a New York Limited Liability Company doing business as an Urban Gourmet and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

43. Upon information and belief, J. K. Green Deli Corp. has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

44. Upon information and belief, Merrick Blvd LLC. has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

45. Upon information and belief, Defendant J. K. Green Deli Corp., at all relevant times, was an employer as defined by FLSA and NYLL.

46. Defendant Jeong is a citizen and resident of Nassau County and is the

President of Defendant J.K. Green Deli Corp. and Merrick Blvd LLC.

## JURISDICTION AND VENUE

47.This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

### COUNT I
### Violation of the Fair Labor Standards Act -Overtime Wages
### (All Plaintiff)

48.All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

49.This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiff and other similarly situated employees for all hours worked.

50.For the period commencing on or about 2009 until December 2016, Plaintiff Roberto Marquez regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of ten (10) hours per day and forty (40) hours per week.

51.Plaintiff began his work at 5:50 a.m. and ended 4:50 p.m. for 6 days per week. He worked 11 hours a day and 66 hours per week regularly.

52.Plaintiff was paid $13.00 straight per hour without overtime premium or spread of hours pay.

53.Plaintiff regularly worked more than 40 hours a week and was never paid the

proper amount of overtime wages.

54. This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

55. During the course of their employment by Defendants, Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

56. Plaintiff and other similarly situated employees were directed by Defendants to work and did so work, in excess of forty (40) hours per week.

57. Pursuant to 29 U.S.C. §207, for all weeks, during which Plaintiff worked in excess of forty (40) hours, Plaintiff and other similarly situated employees were entitled to be compensated at a rate of one and one-half times their regular rate of pay.

58. Defendants did not compensate Plaintiff and other similarly situated employees at a rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

59. Defendants' failure and refusal to pay overtime premium at one-half times Plaintiff's rate of pay for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

60. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other similarly situated employees overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one-half times Plaintiff's regular rate for all hours

   which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of NYLL - Overtime Wages
### (All Plaintiff)

61. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and re-alleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

62. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

63. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the 12 NYCRR §142-2.2.

64. Pursuant to 12 NYCRR § 142-2.2, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times their normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

65. Defendants failed to compensate Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

66. Defendants violated the NYLL overtime wage Law by not compensating Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work

8

weeks.

67. Defendants willfully violated the NYLL overtime wage law by refusing to compensate Plaintiff at one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

## COUNT III
## Spread of Hours

68. Under New York State law, the "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for that day. New York State law requires that an employer pay an employee one (1) extra hour of pay at the minimum wage for each day that employee works an interval of more than ten (10) hours.

69. Plaintiff regularly worked a "spread of hours" greater than ten (10) hours per day.

70. Defendants never paid any additional compensation for working a "spread of hours" exceeding ten (10) hours per day to Plaintiff.

71. Defendants knowingly and willfully failed to pay Plaintiff any additional compensation for working a "spread of hours" exceeding ten hours per day as required by the New York State labor regulations.

## COUNT IV
## Time of Hire Wage Notice Requirement

72. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL §195-1(a).

74.     Defendants intentionally failed to provide notice to employees in violation of Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

75.     Defendants not only failed to provide notice to each employee at Time of Hire, but also failed to provide notice to each Plaintiff even after the fact.

76.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

### COUNT V
### Pay Stub Requirement

77.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78. The NYLL and supporting regulations require employers to provide detailed pay stub information to employees every payday. NYLL §195-1(d).

79. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff and did not provide the paystub on or after each Plaintiff's payday.

80. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

**WHEREFORE**, Plaintiff, on behalf of himself, and the FLSA collective plaintiff and rule 23 class, respectfully requests that this court enter a judgment providing the following relief:

a) Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c) Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d) Certification of this case as a collective action pursuant to FLSA;

e) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

f) A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g) An injunction against Corporate Defendant, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h) An award of unpaid overtime premium due Plaintiff and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

i) An award of unpaid overtime wages due under FLSA and New York Labor Law;

j) An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

k) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

l) An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay wages, overtime compensation, and spread of hours premium pursuant to New York Labor Law;

m) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

n) The cost and disbursements of this action;

o) An award of prejudgment and post-judgment fees;

p) Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

q) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: December 1, 2017

/s/ Ryan Kim
Ryan J. Kim

INSEED LAW, P.C.
2454 E Dempster St Suite 301
Des Plaines, IL 60016
Attorney for Plaintiff